DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | |
| | ) | CASE NO. 5:11 CV 1955 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Vincent A. Fazio, Jr., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case, plaintiff alleges that defendants unlawfully intercepted and broadcast a fight event between Rich Franklin and Vitor Belfort on September 19, 2009, in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq.* The Court referred this case to United States Magistrate Judge Burke for general pretrial supervision, and default was subsequently entered against defendants Vincent A. Fazio, Jr. and Pub Acquisition, LLC. ECF 9. Plaintiff moved for default judgment against defendants for willful and statutory damages in the amount of $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and for willful and statutory damages in the amount of $50,000 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii). ECF 10. In addition, plaintiff seeks attorney fees and costs in the amount of $1,875.00 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 553(c)(2)(C). *Id.*

Magistrate Judge Burke issued a Report and Recommendation recommending that plaintiff's motion for default judgment be granted, and further recommending that damages be awarded pursuant to § 605 in the sum of $1,200 for statutory damages, $2,400 for enhanced

(5:11 CV 1955)

damages, and $1,875 for attorney fees and costs.  ECF 11.  Plaintiff filed an objection to Magistrate Judge Burke's Report and Recommendation on the grounds that the facts of this case require an award of statutory damages significantly greater than $1,200, and an enhanced damages award significantly greater than $2,400.  ECF 12.  Plaintiff does not object to the recommendation that default judgment be granted or to the award of attorney fees and costs.

For the reasons that follow, plaintiff's objections are OVERRULED and Magistrate Burke's well-reasoned Report and Recommendation is ADOPTED by the Court in its entirety.

## I.  LAW AND ANALYSIS

When a party files a timely objection to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Plaintiff's objection is entirely based on the recommended award of statutory and enhanced damages.  The amount of damages awarded pursuant to § 605 lies within the sound discretion of the Court.  *Buckeye Cablevision v. Sledge*, 2004 WL 952875, at *4 (N.D. Ohio).

Plaintiff has provided evidence that if defendants had obtained a license to broadcast the fight event at issue in this case on September 19, 2009, the license fee would have been $1,200.  This license fee exceeds the minimum damages award provided by the statute, and reflects the actual damages sustained by plaintiff because defendants did not obtain a license to broadcast the fight.

With respect to enhanced damages, there is no evidence that defendants charged admission, increased charges for food and drink the night of the fight, or overtly advertised the

2

(5:11 CV 1955)

event. Further, there is no evidence that the defendants have committed violations in the past by intercepting and broadcasting an event without a license to do so. As plaintiff points out, a factor to consider when determining damages is the effect of the award in deterring future non-compliance with the statute. The Court agrees with the Magistrate Judge's recommendation that an additional damages award of two times the license fee, or $2,400, for a total damages award of $3,600, is adequate under the factual circumstances of this case.

## II. CONCLUSION

Having conducted a de novo review pursuant to 28 U.S.C. 636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, plaintiff's motion for default judgment is GRANTED, and damages are awarded in favor of plaintiff and against defendants in the sum of $3,600, and the sum of $1,875 is awarded to plaintiff for attorneys' fees and costs.

IT IS SO ORDERED.

| | |
|---|---|
| March 27, 2012 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |